[Civ. No. S. C. 49. Second Appellate District, Division One.—January 14, 1937.]

WILLIS EDWIN LEONARD et al., Appellants, v. TITLE INSURANCE AND TRUST COMPANY (a Corporation) et al., Respondents.

Stewart & Stewart for Appellants.

Roland T. Williams for Respondents.

SHINN, J., *pro tem.*—Petitioners, trustors under a trust deed of real property, on February 28, 1935, applied to the court by petition for and obtained an order postponing a proposed sale of the property by the trustee until September 1, 1935. In August they filed a second petition to which answer was made and in due course the court made a further order by which the sale was postponed to the first day of February, 1937, subject to the performance of certain conditions by the trustor as stipulated in the order. Petitioners claim that the terms imposed were contrary to law and they appeal from the second order.

The following conditions were contained in the order: "That the Petitioners pay to the Respondent, Mary F. Carson, the sum of Six and No/100 Dollars ($6.00) per month for the rental of said property; that the first payment shall be made on or before October 10, 1935, and subsequent payments, while this order remains in effect shall be made on or before the 10th day of each month thereafter. That on or before October 10, 1935, the Petitioners herein shall pay to the Respondent, Mary F. Carson, the sum of Two and 50/100 Dollars ($2.50) to reimburse the said Mary F. Carson for a like amount of money paid by her for a policy of fire insurance on the premises described in the said Petition. That within sixty (60) days from the date of hearing, the Petitioners shall cause the same premises and the buildings and .

appurtenances thereunto belonging to be put in good order and condition. The petitioners shall pay all taxes, and assessments before delinquency. The court reserves the right to vacate, supplement, amend or modify this Order on application of either party."

We find nothing in the terms of the order of which petitioners may justly complain. The property was unoccupied and the court was therefore required, under section 10 of the act (Stats. 1935, p. 1208), to determine the reasonable rental value of the property and to order the same or a reasonable part thereof to be paid by the trustors in or toward the payment of taxes upon such property, the cost of insurance and the sums to which the purchaser of the property at foreclosure sale would be entitled. The provision for insurance on the improvement and the requirement that petitioners place the premises and the buildings and appurtenances thereunto belonging in good condition and repair were authorized by section 11 of the act. The duty of the court was mandatory to require the maintenance and repair of the property by the trustors. The order is claimed to be unreasonable because the land and the dwelling house thereon had been damaged by flood waters so as to render the building untenantable. Although this fact was alleged in the petition and was admitted by answer, it further appeared by the answer of respondents that the dwelling could have been repaired and made tenantable at small cost. It is not disclosed by the record what would have been required to place the property in condition for occupancy. It was the duty of the court under section 6 of the act to make such provisions as were deemed just and equitable for the protection of the security. The case is before us on the pleadings alone and we find nothing alleged in the petition from which it would appear that the requirement of the order that the property be placed in good order and condition was not necessary for the protection of the security. Upon the contrary, the imposition of this requirement seems just and equitable; especially is this true in view of the position of the petitioners, who apparently stood unwilling to do anything toward the repair of the property. They say they had parted with title to the property before filing their petition and that they had no legal right to go into possession to make repairs and should therefore be excused from making them. They do not show that

they have sought and been denied permission to make the repairs. Nevertheless, they claim the benefits of the act as the original trustors. If they have placed themselves in such position that they cannot meet the equitable requirements of the law they must go without the benefits which the law affords them. While these benefits are generous and are to be had at small cost, they are not gratuitous.

The order is affirmed.

York, Acting P. J., and Doran, J., concurred.